**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANSE SULLIVAN, | No. 14-15872 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00275-DLB |
| v. | |
| NORM KRAMER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted June 22, 2015[***]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California civil detainee Manse Sullivan appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging federal and state law

claims arising out of his placement in a state mental hospital where he is allegedly

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Sullivan consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

at risk of contracting valley fever. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court properly dismissed Sullivan's claims against defendants Kramer, Ahlin, Mayberg, Schwarzenegger, and the Fresno County Board of Supervisors because Sullivan failed to allege facts sufficient to state a plausible claim for relief under any viable legal theory against these defendants. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining supervisory liability under § 1983); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief).

However, dismissal at this early stage of the proceedings of Sullivan's safe conditions claim against defendant Allenby was premature. Sullivan alleged that Allenby knew of the life-threatening dangers of valley fever at the state hospital but failed to take any preventative measures to protect Sullivan, and that the risk prevention techniques substantially departed from generally accepted standards. These allegations, liberally construed, were "sufficient to warrant ordering

[Allenby] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Youngberg v. Romeo*, 457 U.S. 307, 315 (1982) (a civil detainee's right to safe conditions is protected by the Due Process Clause); *Ammons v. Wash. Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029-30 (9th Cir. 2011) (setting forth objective *Youngberg* standard and explaining that "in the face of known threats to patient safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring" (citation and internal quotation marks omitted)).

Accordingly, we reverse the district court's judgment as to Sullivan's safe conditions claim against defendant Allenby, and remand for Allenby to answer or to move to dismiss.

Sullivan shall bear his own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**